UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DALE GRIFFITHS, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| | ) Civil No. 05-125-P-H |
| v. | ) |
| | ) |
| ALFRED CICHON, et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION ON MOTION
FOR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER**

On July 1, 2005, Dale Griffiths filed this civil action complaining of inadequate medical treatment while he was being detained at the York County Jail. On August 26, 2005, he filed a motion for a preliminary injunction/ temporary restraining order. (Docket No. 9.) On August 26, 2005, I entered an order reserving ruling on this motion, ordering that the defendants respond to this motion by September 23, 2005, which was also the date the answers to Griffiths's complaint were due. Defendants Philip Cote, John Angis, and Peter Gallagher filed their answer and a response to this motion on September 19, 2005. (Docket No. 15.) On October 4, 2005, I entered an order continuing to reserve ruling on Griffiths' motion indicating that the motion would not be ready for a final decision until the medical defendants had been served and had answered. I also indicated that the defendants had sixty days to file a response to the motion for an injunction/restraining order. On December 5, 2005, Alfred Cichon filed his response to the motion. (Docket No. 22.) The responses of both sets of defendants, coupled with

the allegations in the complaint, satisfied me that plaintiff was receiving medical attention, albeit not of the kind or degree he wanted. However, the documents accompanying the responses suggested that there was no immediate medical emergency requiring injunctive relief against the responding defendants.

On December 27, 2005, the Clerk entered an order to show cause apropos Griffiths's failure to serve defendants Roland Morin and Robert Abrahamsen. On December 27, 2005, Griffiths responded to that order and on January 4, 2006, I entered an order vacating the order to show cause and directing the Clerk to prepare and issue service documents for these two defendants at the new addresses provided by Griffiths. I also directed the United States Marshal to attempt service on these two defendants. Abrahamsen and Morin filed their answers to the complaint, on February 3, 2006, and February 10, 2006, respectively. (Docket Nos. 33 & 35.)

However, prior to the filing of these answers, on February 1, 2006, Griffiths filed a notice of change of address. (Docket No. 32.) Therein, Griffiths indicates that he is now at the Maine State Prison. His change of location, coupled with the current information in the record, persuades me that there is no reason to grant preliminary injunctive relief and the case can now proceed to resolution on the merits since all defendants have now responded. With respect to the allegedly inadequate medical care provided to Griffiths at the York County Jail, "there is now 'no reasonable expectation that the wrong will be repeated.'" Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (quoting United States v. W. T. Grant Co., 345 U.S. 629, 632 (1953)). I recommend that the Court **Dismiss** Griffiths's motion for a preliminary injunction/temporary restraining order because it is moot.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 14, 2006.

                  /s/ Margaret J. Kravchuk
                  U.S. Magistrate Judge